## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| **M&K Walker & Sons Trucking, LLC** | ) | |
| | ) | Case No. 17-64328 |
| | ) | |
| Debtor | ) | Chapter 11 |
| _____ | ) | |
| | ) | Contested Matter |
| M&K Walker & Sons Trucking, LLC, | ) | |
| Movant, | ) | |
| | ) | |
| vs | ) | |
| | ) | |
| Retail Capital, LLC, | ) | |
| Respondent. | ) | |

### EMERGENCY MOTION FOR ENTRY OF AN INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL

COMES NOW, M&K Walker & Sons Trucking, LLC (the "Debtor"), pursuant to Section 363 of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 363 (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and files this Emergency Motion for Entry of an Interim Order Authorizing Use of Cash Collateral ("Motion"). In support of the Motion, the Debtor shows the Court as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue of this proceeding is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The relief requested in this Motion is based on Sections §§ 105, 361, 363, and 364 of the Bankruptcy Code Bankruptcy Rule 4001(b).

### Background

1

3.      On August 16, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and has continued in possession of its property and management of its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  As of the date of this filing, no official committee of unsecured creditors has been appointed and no request for the appointment of a trustee or examiner has been made.

4.      The Debtor is a Georgia limited liability company that is primarily in the business of trucking services (the "Business").

5.      Upon information and belief, Retail Capital, LLC dba Credibly ("Credibly"), asserts a first priority security interest in all accounts of the Debtor, with the exception of the accounts held by Wex. *See* UCC Financing Statement File No. 007-2015-011956 in the Superior Court of Barrow County. Approximately 20% of Debtor's revenue comes from accounts serving as security for Credibly's asserted claim.

6.       In order to effectively reorganize, Debtor must have access to cash to pay the operating expenses of the Business. If Debtor does not have the authority to use their available cash to pay operating expenses of the Business, including insurance, payroll, and gas, the Business will be irrevocably harmed.

### Relief Requested

7.      The Debtor, after conducting an interim hearing on the Motion, seeks the entry of an order, pursuant to Sections 105, 361, and 363 of the Bankruptcy Code and Bankruptcy Rule 4001(b): (a) authorizing the Debtor to use cash collateral pursuant to the proposed budget attached to this Motion (the "Budget"); and (b) scheduling a final hearing on the Motion.  In accordance with Bankruptcy Rule 4001, the following are the Debtor's proposed terms for the use of cash collateral:

(a)      <u>Purpose.</u>  Cash collateral will be used to pay operating expenses of the Business, including, but not limited to, the insurance and property taxes.

(b)      <u>Use of Cash Collateral</u>.  Cash collateral will be used only pursuant to the terms of the Budget during the period following entry of the Interim Order until the earlier of: (i) 45 days following entry of the Interim Order; (ii) conversion of the case to Chapter 7 or dismissal of the case; or (iii) the Debtors' violation of the terms of the Interim Order, including failure to comply with the Budget.

(c)      <u>Adequate Protection</u>.  As adequate protection for the cash collateral expended pursuant to the Interim Order, Credibly shall be given a replacement lien on identical collateral wherever located belonging to Debtor, to the extent and validity of those liens that existed pre-petition.

## **<u>Basis for Relief Requested</u>**

9.      The Debtor's use of the cash collateral is essential to the continuing operation of the Business and for an effective reorganization.  If Debtor does not have the authority to use their available cash to pay operating expenses of the Business, the going concern value of the Business will be significantly harmed and the estate and creditors will be negatively affected. The Debtor does not propose to use cash collateral to pay any creditors any amounts due and owing pre-petition.

10.      Section 363(c)(2) of the Bankruptcy Code provides that a debtor may not use, sell or lease cash collateral unless each entity with an interest in such cash collateral consents or the Court authorizes such use, sale or lease.  Section 363(e) provides that the Court shall condition such use of cash collateral as is necessary to provide adequate protection of such interests. Section 363(p) provides that at a hearing on the use of cash collateral, the entity asserting an

interest in the cash collateral has the burden of proof on the issue of the validity, priority, or extent of such interest, and the debtor-in-possession has the burden of proof on the issue of adequate protection.

11.     The Debtor requests authority to use cash collateral for the purposes and amounts set forth in the proposed budget attached hereto as <u>Exhibit A</u> and pursuant to the attached Proposed Interim Order.   In accordance with Section 363(e), the proposed Interim Order provides that adequate protection will be provided to Credibly to the extent of any diminution in value of its pre-petition collateral through replacement liens.

## **Request for Immediate and Emergency Interim Relief**

12.     Pending the Final Hearing, the Debtor requires immediate use of cash collateral to meet its obligations.   It is essential that the Debtor maintain consistent operations and resume paying for ordinary, post-petition operating expenses to minimize any damage caused by the filing.   Without immediate use of cash collateral, the Debtor will be unable to pay ongoing operating expenses.   Accordingly, if interim relief is not granted, the Debtor's assets will be immediately and irreparably jeopardized to the detriment of the Debtor, the estate, creditors, and other parties in interest.

13.     The Debtor requests the Court to schedule an Interim Hearing as soon as practicable to consider the Debtor's request for use of cash collateral.   Bankruptcy Rule 4001(b) permits a court to approve a debtor's request for use of cash collateral during the 15 day period following the filing of a motion for use of cash collateral in such amounts as is necessary to avoid irreparable harm to the estate pending a final hearing.   In considering requests for interim relief courts apply the same business judgment standard applicable to other business decisions.

14.     For the reasons explained above, the Debtor believes that granting the relief requested is appropriate and in the best interest of the estate.

**Notice**

15.     Notice of this Motion has been provided to the Office of the United States Trustee and Credibly and any other creditors who may have an interest in the Cash Collateral.  In light of the interim nature of the relief requested, the Debtor submits that such notice is adequate under the circumstances.

**WHEREFORE**, the Debtor requests that this Court enter an order granting interim use of cash collateral consistent with this Motion; and grant the Debtor such other and further relief as is just and proper.

This 16th day of August, 2017

*/s/ Will B. Geer*
Georgia State Bar No. 940493
Law Office of Will B. Geer, LLC
333 Sandy Springs Circle, NE
Suite 225
Atlanta, Georgia 30328
T: (678) 587-8740
F: (404) 287-2767

Exhibit "A" Budget

| **Income** | |
|---|---|
| Sunrise Produce (WEX Account) | $68,000.00 |
| TQL (Credibly Account) | $24,000.00 |
| Total | $92,000.00 |
| **Expenses** | |
| Fuel | $24,000.00 |
| Wages | $28,000.00 |
| Insurance | $6,300.00 |
| Maintenance | $6,000.00 |
| Reserve for WEX at 6% | $4,200.00 |
| Factoring Fees | $1,500.00 |
| Internet and Telephone | $1,200.00 |
| U.S. Trustee Quarterly Fees | $650.00 |
| Month-to-month Lot for Trucks | $800.00 |
| Total | $72,650.00 |

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that on this date I served a true and correct copy of the within and foregoing Emergency Motion For Entry Of An Interim Order Authorizing Use of Cash Collateral upon the following parties by overnight mail, facsimile transmission, or electronic mail:

| | | |
|---|---|---|
| Office of the U.S. Trustee<br>362 Richard B. Russell Building<br>75 Ted Turner Drive, SW<br>Atlanta, Georgia 30303<br>USTP.Region21@usdoj.gov | Retail Capital, LLC<br>1250 Kirts Blvd<br>Suite 100<br>Troy, MI 48084<br>Fax: (888) 371-8950<br>info@retailcapital.com | Wex Bank<br>c/o Richard H. Fimoff<br>Robbins, Salomon & Patt, Ltd.<br>180 N. LaSalle Street<br>Suite 3300<br>Chicago, IL 60601<br>rfimoff@rsplaw.com |
| Balboa Capital Corp.<br>900 OLD ROSWELL LAKES PKWY<br>Suite 310<br>Roswell GA 30076-0000<br>Fax: 949-756-0886 | BMO Transportation Finance<br>300 E. Carpenter Frwy.<br>Suite 504<br>Irving TX 75062-0000<br>Fax: 972-767-4165 | ENGS Commercial Finance Co.<br>CT Corp. System<br>289 S Culver St.<br>Lawrenceville, GA 30046<br>customerservice@engsfinance.com |
| Hitachi Capital America Corp.<br>c/o Emmett Goodman 544 Mulberry St., St. 800 Macon GA 31201-0000<br>elgoodman@goodmanlaw.org | Paccar Financial Corp.<br>THE PRENTICE-HALL CORP. SYSTEM<br>40 TECHNOLOGY PKWY SOUTH, #300<br>Norcross, GA 30092<br>Fax: 425.468.8216 | MHC Kenworth, LLC<br>4040 Irving Blvd<br>Dallas TX 75247-0000<br>Fax: (214) 920-7316 |

| | | |
|---|---|---|
| Georgia Department of Revenue Compliance Division ARCS - Bankruptcy 1800 Century Blvd NE, Suite 9100 Atlanta, GA 30345-3202 Fax: 404-417-2101 BHeinz@law.ga.gov | Internal Revenue Service Centralized Insolvency Operation Post Office Box 7346 Philadelphia, PA 19101-7346 Fax: 267-941-1015 | Wells Fargo Equip. Fin., Inc. 40 Technology Parkway South Suite 300 Norcross GA 30092-0000 Fax: 612-667-9711 |
| Atlanta Commercial Tire 1440 Stratfield Circle Atlanta GA 30319-0000 Fax: 404 352-8261 | Speedco.,Inc. 289 S. Culver St. Lawrenceville, GA 30046 speedcocredit@bfusa.com | |

This 16th day of August, 2017.

/s/ Will B. Geer
Georgia State Bar No. 940493
Law Office of Will B. Geer, LLC
333 Sandy Springs Circle, NE
Suite 225
Atlanta, Georgia 30328
T: (678) 587-8740
F: (404) 287-2767

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| **M&K Walker & Sons Trucking, LLC** | ) | |
| | ) | Case No. |
| | ) | |
| Debtor | ) | Chapter 11 |
| _____ | ) | |
| | ) | Contested Matter |
| M&K Walker & Sons Trucking, LLC, | ) | |
| Movant, | ) | |
| | ) | |
| vs | ) | |
| | ) | |
| Retail Capital, LLC, | ) | |
| Respondent. | ) | |

**PROPOSED INTERIM ORDER AUTHORIZING DEBTOR**
**TO USE CASH COLLATERAL; AND**
**NOTICE OF FINAL HEARING ON MOTION FOR USE OF CASH COLLATERAL**

This matter came before the Court on an expedited basis on _____ on M&K Walker & Sons Trucking, LLC ("Debtor" or "Debtor in Possession")'s Emergency Motion for Entry of an Interim Order Authorizing Use of Cash Collateral [Doc. No. __](the "Motion"). Present at the hearing were counsel for Debtor, Will B. Geer and counsel for the U.S. Trustee, _____. No party objected to the relief requested.

A.  Debtor filed its petition for relief under Chapter 11, Title 11 U.S.C. (the "Bankruptcy Code") on August __, 2017 (the "Petition Date").  Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor remains in possession of its assets and has continued the operation and management of its business in this reorganization case.

B.      Debtor owns and operates a trucking business. (the "Business").

C.      Retail Capital, LLC dba Credibly (the "Noteholder") asserts a claim in the approximate amount of $144,000.00 (the "Claim"). Noteholder asserts that the Claim is secured by all accounts of the Business, with the exception of the accounts factored by Wex.

D.      Debtor generates substantially all of its revenue from the operation of the Business.

E.      Debtor's cash revenue generated from the Business may constitute the cash collateral of Noteholder (the "Cash Collateral") and others within the meaning of Section 363(a) of the Bankruptcy Code.

F.      Debtor contends it has provided actual notice, by electronic mail, facsimile and/or overnight mail, of the Motion and the relief requested therein to all entities claiming an interest in the Business and/or the Cash Collateral, to each of the Debtor's Twenty Largest Unsecured Creditors, and the United States Trustee.

G.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (M), and (O), involving matters under 11 U.S.C. §§ 361 and 363.  Venue is proper in this district pursuant to 28 U.S.C. § 1408.

H.      An immediate need exists for the Debtor to obtain use of the Cash Collateral to fund critical business operations. A schedule of the Debtor's revenues and cash requirements is set forth in the budget (the "Budget") attached hereto as Exhibit "A" and incorporated herein by reference.

I.    In order to continue the Debtor's business operations and to preserve the value of the Debtor's assets, the Debtor requires the use of the Cash Collateral in accordance with this Order. The Debtor's budget is an estimate of the amounts needed to operate its business. Debtor may, in the ordinary course of business, pay the actual amounts for payroll, fuel, insurance, and maintenance on its fleet. The factoring fee for WEX Bank and the Reserve from WEX Bank will come from the income factored through WEX and not through Credibly's cash collateral.

J.      Good cause has been shown for the entry of this Order.  Among other things, entry of this Order will minimize the disruption of the Debtor's existing business, will increase the possibility for a successful reorganization, sale or orderly liquidation of the Debtor and its assets, and is in the best interests of the Debtor, its creditors and other parties-in-interest. Accordingly, it is hereby

**ORDERED AND NOTICE IS HEREBY GIVEN THAT:**

The Court shall hold a final hearing on the **Motion for Authority to Use Cash Collateral** in **Courtroom _____, United States Courthouse, 75 Ted Turner Drive SW, Atlanta, Georgia at _____ _.m. on September __, 2017.** It is

**FURTHER ORDERED, ADJUDGED AND DECREED:**

Authorization to Use Cash Collateral.  The Motion is granted. Subject to the terms hereof, this Order is valid immediately and shall continue through and including August __, 2017.

Adequate Protection.  In order to provide adequate protection to Noteholder and others for Debtor's use of Cash Collateral, the Debtor hereby grants to Noteholder and all other secured creditors with an alleged interest in cash collateral ("Cash Collateral Creditors"), and the Court hereby authorizes the Debtor to grant to Noteholder and Cash Collateral Creditors, a valid and properly perfected security interest on all property acquired by the Debtor after the Petition Date that is of the same or similar nature, kind or character, and priority as Noteholder's and Cash Collateral Creditors', including all cash, receivables, and accounts of the Debtor.

No Prejudice.  This Order is entered without prejudice to the rights of either Noteholder, Cash Collateral Creditors, or the Debtor to seek a modification of the terms hereof after notice and a hearing.

**END OF DOCUMENT**

*Prepared and Presented By:*                                   *No Opposition:*


Law Office of Will B. Geer, LLC                               Guy G. Gebhardt
                                                              Acting United States Trustee
                                                              Region 21

/s/ Will B. Geer
Will B. Geer                                                  /s/ TBD (w/ express
Georgia Bar No. 940493                                        permission)
333 Sandy Springs Circle, N.E., Suite 225                     TBD
Atlanta, GA 30328                                             Trial Attorney
Tel.: (678) 587-8740                                          Georgia Bar No. _____
Fax: (404) 287-2767                                           United States Department of
willgeer@willgeerlaw.com                                      Justice
*Attorneys for Debtor*                                        Office of the United States
                                                              Trustee
                                                              Suite 362 Richard Russell
                                                              Building

75 Ted Turner Drive SW
Atlanta, GA 30303
Tel.: (404) 331-4437
Fax: (404) 331-4464

Exhibit "A" Budget

| Income | |
|---|---|
| Sunrise Produce (WEX Account) | $68,000.00 |
| TQL (Credibly Account) | $24,000.00 |
| Total | $92,000.00 |
| **Expenses** | |
| Fuel | $24,000.00 |
| Wages | $28,000.00 |
| Insurance | $6,300.00 |
| Maintenance | $6,000.00 |
| Reserve for WEX at 6% | $4,200.00 |
| Factoring Fees | $1,500.00 |
| Internet and Telephone | $1,200.00 |
| U.S. Trustee Quarterly Fees | $650.00 |
| Month-to-month Lot for Trucks | $800.00 |
| Total | $72,650.00 |

**<u>DISTRIBUTION LIST</u>**

Law Office of Will B. Geer, LLC
333 Sandy Springs Circle, NE
Suite 225
Atlanta, Georgia 30328

Office of the United States Trustee
362 Richard Russell Bldg.
75 Ted Turner Drive SW
Atlanta, GA 30303