**IT IS ORDERED as set forth below:**



**Date: August 18, 2017**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **IN RE:** | ) | |
| **M&K Walker & Sons Trucking, LLC** | ) | |
| | ) | Case No. 17-64328-PMB |
| | ) | |
| Debtor | ) | Chapter 11 |
| _____ | ) | |
| | ) | Contested Matter |
| M&K Walker & Sons Trucking, LLC, | ) | |
| Movant, | ) | |
| | ) | |
| vs | ) | |
| | ) | |
| Retail Capital, LLC, | ) | |
| Respondent. | ) | |

### INTERIM ORDER AUTHORIZING DEBTOR
### TO USE CASH COLLATERAL; AND
### NOTICE OF FINAL HEARING ON MOTION FOR USE OF CASH COLLATERAL

This matter came before the Court on an expedited basis on August 18, 2017 on M&K Walker & Sons Trucking, LLC ("Debtor" or "Debtor in Possession")'s Emergency Motion for Entry of an Interim Order Authorizing Use of Cash Collateral [Doc. No. 4](the "Motion"). Present at the hearing were counsel for Debtor, Will B. Geer and counsel for the U.S. Trustee, Lindsay Kolba. No party objected to the relief requested.

A. Debtor filed its petition for relief under Chapter 11, Title 11 U.S.C. (the "Bankruptcy Code") on August 16, 2017 (the "Petition Date"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor remains in possession of its assets and has continued the operation and management of its business in this reorganization case.

B. Debtor owns and operates a trucking business. (the "Business").

C. Retail Capital, LLC dba Credibly (the "Noteholder") asserts a claim in the approximate amount of $144,000.00 (the "Claim"). Noteholder asserts that the Claim is secured by all accounts of the Business, with the exception of the accounts factored by Wex.

D. Debtor generates substantially all of its revenue from the operation of the Business.

E. Debtor's cash revenue generated from the Business may constitute the cash collateral of Noteholder (the "Cash Collateral") and others within the meaning of Section 363(a) of the Bankruptcy Code.

F. Debtor contends it has provided actual notice, by electronic mail, facsimile and/or overnight mail, of the Motion and the relief requested therein to all entities claiming an interest in the Business and/or the Cash Collateral, to each of the Debtor's Twenty Largest Unsecured Creditors, and the United States Trustee.

G. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (M), and (O), involving matters under 11 U.S.C. §§ 361 and 363. Venue is proper in this district pursuant to 28 U.S.C. § 1408.

H. An immediate need exists for the Debtor to obtain use of the Cash Collateral to fund critical business operations. A schedule of the Debtor's revenues and cash requirements is set forth in the budget (the "Budget") attached hereto as Exhibit "A" and incorporated herein by reference.

I. In order to continue the Debtor's business operations and to preserve the value of the Debtor's assets, the Debtor requires the use of the Cash Collateral in accordance with this Order. The Debtor's budget is an estimate of the amounts needed to operate its business. Debtor may, in the ordinary course of business, pay the actual amounts for payroll, fuel, insurance, and maintenance on its fleet. The factoring fee for WEX Bank and the Reserve from WEX Bank will come from the income factored through WEX and not through Credibly's cash collateral.

J. Good cause has been shown for the entry of this Order. Among other things, entry of this Order will minimize the disruption of the Debtor's existing business, will increase the possibility for a successful reorganization, sale or orderly liquidation of the Debtor and its assets, and is in the best interests of the Debtor, its creditors and other parties-in-interest. Accordingly, it is hereby

**ORDERED AND NOTICE IS HEREBY GIVEN THAT:**

The Court shall hold a final hearing on the **Motion for Authority to Use Cash Collateral** in **Courtroom 1202, United States Courthouse, 75 Ted Turner Drive SW, Atlanta, Georgia at 1:30 p.m. on September 18, 2017.** It is

**FURTHER ORDERED, ADJUDGED AND DECREED:**

Authorization to Use Cash Collateral. The Motion is granted. Subject to the terms hereof, this Order is valid immediately and shall continue through and including September 18, 2017.

Adequate Protection. In order to provide adequate protection to Noteholder and others for Debtor's use of Cash Collateral, the Debtor hereby grants to Noteholder and all other secured creditors with an alleged interest in cash collateral ("Cash Collateral Creditors"), and the Court hereby authorizes the Debtor to grant to Noteholder and Cash Collateral Creditors, a valid and properly perfected security interest on all property acquired by the Debtor after the Petition Date that is of the same or similar nature, kind or character, and priority as Noteholder's and Cash Collateral Creditors', including all cash, receivables, and accounts of the Debtor.

No Prejudice. This Order is entered without prejudice to the rights of either Noteholder, Cash Collateral Creditors, or the Debtor to seek a modification of the terms hereof after notice and a hearing.

**END OF DOCUMENT**

**Prepared and Presented By:**

Law Office of Will B. Geer, LLC

/s/ Will B. Geer
Will B. Geer
Georgia Bar No. 940493
333 Sandy Springs Circle, N.E., Suite 225
Atlanta, GA 30328
Tel.: (678) 587-8740
Fax: (404) 287-2767
willgeer@willgeerlaw.com
*Attorneys for Debtor*

**No Opposition:**

Guy G. Gebhardt
Acting United States Trustee
Region 21

/s/ Lindsay Kolba (w/ express permission)
Trial Attorney
Georgia Bar No. 541621
United States Department of Justice
Office of the United States Trustee
Suite 362 Richard Russell Building
75 Ted Turner Drive SW
Atlanta, GA 30303
Tel.: (404) 331-4437
Fax: (404) 331-4464

Exhibit "A" Budget

| **Income** | |
|---|---|
| Sunrise Produce (WEX Account) | $68,000.00 |
| TQL (Credibly Account) | $24,000.00 |
| Total | $92,000.00 |
| **Expenses** | |
| Fuel | $24,000.00 |
| Wages | $28,000.00 |
| Insurance | $6,300.00 |
| Maintenance | $6,000.00 |
| Reserve for WEX at 6% | $4,200.00 |
| Factoring Fees | $1,500.00 |
| Internet and Telephone | $1,200.00 |
| U.S. Trustee Quarterly Fees | $650.00 |
| Month-to-month Lot for Trucks | $800.00 |
| Total | $72,650.00 |

Distribution List

| | | |
|---|---|---|
| Office of the U.S. Trustee<br><br>c/o Lindsay Kolba<br>362 Richard B. Russell Building<br>75 Ted Turner Drive, SW<br>Atlanta, Georgia 30303 | Retail Capital, LLC<br>1250 Kirts Blvd<br>Suite 100<br>Troy, MI 48084<br>Fax: (888) 371-8950 | Wex Bank<br>c/o Richard H. Fimoff<br>Robbins, Salomon & Patt, Ltd.<br>180 N. LaSalle Street<br>Suite 3300<br>Chicago, IL 60601 |
| Balboa Capital Corp.<br>900 OLD ROSWELL LAKES PKWY<br>Suite 310<br>Roswell GA 30076-0000 | BMO Transportation Finance<br>300 E. Carpenter Frwy.<br>Suite 504<br>Irving TX 75062-0000 | ENGS Commercial Finance Co.<br>CT Corp. System<br>289 S Culver St.<br>Lawrenceville, GA 30046 |
| Hitachi Capital America Corp.<br>c/o Emmett Goodman 544 Mulberry St., St. 800 Macon GA 31201-0000 | Paccar Financial Corp.<br>THE PRENTICE-HALL CORP. SYSTEM<br>40 TECHNOLOGY PKWY SOUTH, #300<br>Norcross, GA 30092 | MHC Kenworth, LLC<br>4040 Irving Blvd<br>Dallas TX 75247-0000 |
| Georgia Department of Revenue<br>Compliance Division<br>ARCS - Bankruptcy<br>1800 Century Blvd NE, Suite 9100<br>Atlanta, GA 30345-3202 | Internal Revenue Service<br>Centralized Insolvency Operation<br>Post Office Box 7346<br>Philadelphia, PA 19101-7346 | Wells Fargo Equip. Fin., Inc.<br>A. Todd Sprinkle, Esq.<br>Parker Poe Adams & Bernstein LLP<br>1180 Peachtree Street NE, Suite 1800<br>Atlanta, Georgia 30309 |
| Atlanta Commercial Tire<br>1440 Stratfield Circle<br>Atlanta GA 30319-0000 | Speedco.,Inc.<br>289 S. Culver St.<br>Lawrenceville, GA 30046 | M&K Walker & Sons Trucking, LLC<br><br>1128 Arden Avenue<br><br>Marietta, Georgia 30008 |